UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JOHN ALEXANDER BOCSKAI, and others similarly-situated,

    Plaintiff,

vs.

BAL HARBOUR TOWER CONDOMINIUM ASSOCIATION, INC. a Florida Corporation

    Defendant.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, JOHN ALEXANDER BOCSKAI, by and through his undersigned attorney, and hereby sues Defendant, BAL HARBOUR TOWER CONDOMINIUM ASSOCIATION, INC. (BAL HARBOUR), and as grounds alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. The Plaintiff JOHN ALEXANDER BOCSKAI is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The Defendant is a condominium association that operated a restaurant which regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiff while he was employed by the Defendant.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. BAL HARBOUR is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, BAL HARBOUR operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. BAL HARBOUR purchased food ingredients, food preparation tools, utensils, plates, and other goods, materials and equipment which travelled in interstate commerce. Two or more kitchen employees of BAL HARBOUR used the aforementioned goods, materials and equipment.

7. Upon information and belief, the annual gross income for the Defendant BAL HARBOUR during the years 2014, 2015 and 2016 was in excess of $500,000.00, annually.

8. By reason of the foregoing, BAL HARBOUR is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

### COUNT I: UNPAID OVERTIME WAGES

9. Plaintiffs re-allege and re-aver paragraphs 1 through 8 as fully set forth herein.

10. The corporate Defendant is a condominium association which also operates a restaurant. Plaintiff was employed by the Defendant as a kitchen employee.

11. Plaintiff JOHN ALEXANDER BOCSKAI was employed by the Defendant as a kitchen employee, at various times, since 1990 through the present and ongoing time. Plaintiff BOCSKAI has been working for Defendant during the last 5 years. During the period of May, 2014 through April, 2016, Plaintiff worked between 50 and 60 hours per week. Plaintiff was paid based on a shift rate, approximately $100 per lunch shift, and approximately $150 per dinner shift. Plaintiff earned approximately $1,000 per week. The shift rate pay system devised by Defendant did not account for overtime wage payments when Plaintiff worked more than 40 hour per week. As a result, Plaintiff was not paid overtime wages, at a rate of time and one half the regular rate, when he worked more than 40 hours per week.

12. The similarly situated individuals are those individuals whom were employed by the Defendant as kitchen employees and whom were not paid overtime wages, in whole or in part.

13. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay his at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

14. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendant was aware of Plaintiff's pay records and the rate that he

was being paid for his hours. Despite Defendant having knowledge of Plaintiff's hours and Defendant's failure to pay overtime wages, Defendant did not alter their pay practices to pay overtime wages. Defendant continued their wage practices despite such knowledge. Defendant continued to pay Plaintiff by a shift rate despite having knowledge that such pay violated the FLSA. Defendant had the opportunity and/or ability to pay their employees by means other than a shift rate; as since April 21, 2016, Defendant began paying their employees through an hourly rate.

15. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: May 11, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone 305-773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561